[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 20, 1996
In this action the parents of a minor child killed in an automobile accident seek to recover damages from the hospital where the child's body was brought for emotional distress they suffered after viewing the body which was "caked in blood" lying on "blood soaked sheets." "his eyes opened" and "electrodes still on his chest." In their revised complaint plaintiffs allege that the child's body was taken by ambulance to the hospital which "accepted [the] . . . body into its care and ultimately took it to their morgue." The plaintiffs came to the hospital to see the body, were met by a nurse who took them to the morgue where an orderly pulled out a drawer and unzipped the bag containing the body which was viewed by the plaintiffs. It is not alleged that the child was admitted as a patient.
Plaintiffs claim that the hospital should have realized that its conduct involved an unreasonable risk of causing emotional distress to them.
This action sounds in negligent infliction of emotional distress which of course is founded in negligence and therefore requires the demonstration of some duty to the plaintiffs. CT Page 4905 Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform. Wright Fitzgerald, Connecticut Law of Torts (2d Ed.) § 2.Sherman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45 (1995). However, our courts have recognized that a duty between two parties may arise from circumstances under which a reasonable person would anticipate that harm of the general nature suffered was likely to result. Colburn v. Lenox Homes, Inc., 186 Conn. 470, 375 (1982).
Our supreme court recently extended liability to a tortfeasor for emotional damages sustained by bystander parents under strictly circumscribed circumstances. Clohessy v. Bachelor,237 Conn. 31 (1996). The court decision is based on public policy and principles of reasonable foreseeability, recognized however that "borrowing from the experience of other jurisdictions . . . specific limitations must be imposed upon the reasonable foreseeable rule."
A nationwide search has been unable to find any judicial precedent for the proposition that upon acceptance of a deceased body, a hospital has a duty to either warn relatives of the condition of a body they have sought to view or to make the body "presentable" for such viewing. Certainly, no such precedent exists in Connecticut.
It may be that in these tragic circumstances considerations of public relations or simple compassion should have inspired greater thoughtfulness on the part of those hospital employees who led the plaintiffs to the shrouded body of their deceased son. However, we are unable to find that the circumstances in and of themselves and without any other relationship between the parties, presented to the hospital such a foreseeable risk of emotional damages to the plaintiffs so as to create a legally cognizable duty on the part of the hospital on which to predicate this action of negligent infliction of emotional damage.
Motion to strike granted.
WAGNER, J. CT Page 4906